The fourth district appellate court of the state of Illinois has now convened the Honorable Thomas M. Harris presiding. Good morning. We're on the record in case number 4-22-0721. People versus DeMarco Jones. This time I'll ask for appearances. First for the appellant. This is Anne McLennan on behalf of DeMarco Jones. And this is Matthew Goldman on behalf of the people of Illinois. All right. Thank you, counsel. Ms. McLennan, you may begin your argument. Thank you. May it please the court. Today, I would like to focus on issue one in my brief, which addresses the admission of the AT&T cell phone records and Detective Zajacek's testimony as a lay witness where he was never qualified as an expert. First, I will briefly address why the phone records were hearsay and why Zajacek's testimony required a qualified expert. But I'd really like to focus on the doctrine of affirmative acquiescence and why it should not apply here and why the court should find plain error or ineffective assistance of counsel. So the AT&T phone records admitted in this case for hearsay. AT&T provided two certifications along with the AT&T cell phone records. And the state does not dispute that these certificates did not comply with Illinois rule of evidence 8036 addressing business records. Detective Zajacek used these cell phone records and specialized software to create maps. And he testified about this process and his findings without being properly qualified as an expert. All that Zajacek said about his qualifications relating to cell phone analysis was that I've received advanced training in cell phone analysis and cell phone network analysis. And this wasn't enough to should not apply here. So the question here is whether when the defense is asked by the court if it wants to object in it, then the defense says no objection. Does this amount to waiver in the form of affirmative acquiescence such that the case is not reviewable under plain error? So here specifically, when the state moved to admit the AT&T cell phone records relating to Jones's cell phone, the court asked if the defense had an objection and defense counsel responded no judge. And then the same exchange took place when the state moved to admit the gals cell phone record AT&T cell phone records. This court should reject the state's doctrine of affirmative acquiescence. Councilman, I interrupt you for a moment. Are we limited to just looking at what happened at the time of trial to determine whether or not this particular issue was acquiesced to by counsel? In other words, it had been addressed by way of motion and I don't believe there was a motion and limine affecting this particular issue. There was on my second issue in the brief, the other crimes evidence, there was a discovery document submitted early on in the case that had the certificates. But at that time, it was labeled a notice of intention to notice of intent. And it was a discovery document and the defense is not required to object at the time of discovery. I thought you were bundling the two issues under the affirmative acquiescence thread here. So if you've separated them out, I'll save my question for later. Sure, sure. Okay. So just getting back to affirmative acquiescence related to the cell phone records, the AT&T cell phone records and detectives agent checks testimony. So the court should reject the state's expansive view here and find that the exchange here, which was no objection, did not amount to waiver such that clean error should be available. Counsel, let me ask this question. I don't understand. Why isn't this exactly within the definition of affirmative acquiescence? The trial court explained what the issue was for defense counsel, he said, No, I have no objection, judge. How is that not acquiescence? So, so when you say the trial court explained what the issue was, that that actually is what generally happens in affirmative acquiescence cases, there generally is some kind of discussion between the court and defense counsel, sometimes even the defendant weighs in. But here, all that the entire exchange was, do you have an objection? And it was no, Your Honor. So what more for acquiescence? Is the trial court supposed to ask or is defense counsel supposed to say? So there's generally a discussion, it's an intentional relinquishment and some kind of affirmative participation. So, so there's two Supreme Court cases, I'd like to point you to Villarreal and Swopes. And both of these cases show the kind of active participation that's required. So in Villarreal, the defendant, the defense was the one to submit the verdict forms that were complained about. And in Swopes, the question was, how is the defense going to question the care providers in the case? And there was a discussion, there was an agreement in court that the defense would depose these people. And it wasn't necessarily their first choice, the defense, and they reluctantly agreed, but there was an agreement. It was more than just the answer, no objection. You're claiming there was some confusion on defense counsel's part at this point in the proceedings as to what counsel was being asked. Did he have an objection to? I, I'm not claiming that he didn't, that he was confused about what he was objecting to, but that he was confused that it was ineffective, and he should have objected at that point. So isn't your argument that going to ineffective assistance of counsel, that this was a mistake on his part, but I don't understand how this is an affirmative acquiescence. He was asked, do you object? The context could hardly have been clearer. And he said, no. So if you, I have a few points here. So if, if you're going to differ, if you're, if you're not going to differentiate between standing silently and answering no objection, as happened in this case, if you treat these two situations the same, then there's a real possibility that, that the doctrine of affirmative acquiescence applied when counsel says no objection, that could swallow the plain air rule. Here's the other point I wanted to make. It's frequently a situation when we have questions arise about counsel's failure to take action at trial and defendant is convicted and raised on appeal. It's frequently a situation we don't know, and the record is not clear whether this was an oversight, where counsel failed to understand or knew what maybe professional counsel could have done, or if it was a strategic decision by counsel. And in this case, it seems to me, I don't understand how we can have the former, when the trial court on several occasions asked counsel, is this a matter of trial strategy? And counsel said, yes. Now it was about other questions as well. But this is all consistent with a suggestion that this is all counsel's trial strategy. And there was nothing inadvertent or unknown to counsel at the time he acquiesced. Isn't that true? I would respectfully disagree. So when we're talking about this particular issue, counsel, defense counsel never said it was trial strategy. That was whether defense counsel wanted the 3.14 jury instruction at the time that the other crimes evidence came in. Then he said he didn't want it. That was trial strategy. You're making the same argument about that too, aren't you? That is also, we shouldn't look at that as affirmative acquiescence? Yes, but I'm not complaining about the particular error of the three, the when the 3.14 jury instruction was given. So, you know, counsel explained that was strategy, and I'm not arguing about that. So if we disagree with you, and we view this to be affirmative acquiescence, do you lose? If you think that affirmative, if that, then it's not, yeah, it's not preserved. It's, you can't look at plain error. Yes, that's why I urge you to examine it as plain error, because we don't want these the plain error rule is used to protect the integrity of the judicial process. When another question for you with regard to the matter of talking about ineffective assistance that you argue as well. Yes. And if the circumstances confronting trial counsel are viewed as a matter of trial strategy, this is why counsel decided to try the case in a certain way. Isn't it correct that on review, the standard of review is only if counsel's trial strategy is so unsound, that he entirely fails to conduct meaningful adversarial testing of the state's case, will ineffective assistance of counsel be found? That's the standard, isn't that? Correct. And you're claiming that his strategy in this case was so unsound that for all practical purposes, he was rendered without counsel? So when looking at the trial strategy, I'd love to address that as a whole to to address your particular question. Now, I'm not claiming ineffective assistance of counsel in terms of that he was completely denied of counsel. But I am arguing that in this case, to allow the cell phone records and say to check testimony in without challenge was objectively unreasonable. And that we can see on the record that his failure to keep this evidence out or challenge it was not trial strategy. Well, here's the other point I want to make. Defense counsel argued that in his closing argument that the jury told the jury the location data from the cell phone phone records is unimportant. Because the defense readily conceded the defendant was in the minivan the entire time. And all the eyewitnesses cell phones are also located next to each other throughout the day and night. That's all correct, isn't it? So you're correct in what defense counsel argues, but I would submit to you that that wasn't the trial strategy from the beginning. If we look at it, that's how the case was argued. I don't know about from the beginning, but that's how it was argued. That's what he said. That was arguably his explanation for why as a matter of strategy, he didn't object to this stuff. And let me ask you this way also. Your brief shows you have a clear understanding of the record in this case and all the evidence that was available and could have been presented wasn't such as the defendant's own statements to the police. When you're arguing in hindsight, oh, this was ineffective assistance of counsel, this was unreasonable, blah, blah, blah. Give us an example of a better defense you think had you been trial counsel on this evidence you could have presented? Well, I think a better defense or better strategy would be to challenge this testimony that was devastating, and it helped prop up the state's otherwise unreliable witnesses. And then you have who's testifying with, you know, some, he has, you know, he has, he's a detective, you know, he's, he's propping up these unreliable witnesses. You didn't answer my question. The evidence shows they're all together that whole night. And that was what defense counsel was confronted with, including the defendant's own incriminating statements, though it contains some exculpatory portions. So what's defense counsel supposed to do argue his client wasn't there? Are you that he didn't know what was going on? And why, why wasn't the strategy he chose to say, ladies and gentlemen, of course, they were all together. But look at these records, it could have been anyone that wasn't my client, they all reasoned why. One, why wasn't that reasonable? And to give me an example of a better argument you could come up with? Well, so the better argument would be to challenge the test, the hearsay testimony that came in. And if you look at opening statements, defense counsel strategy, there was to attack the credibility of the witnesses, you know, argue the presumption of innocence, the standard of reasonable doubt, it this cell phone evidence that then defense counsel is backed into a corner and has to, you know, admit that Jones is in the van and sort of pivot. That wasn't discussed in an opening statement. This wasn't part of his strategy all along. That it was that he was in the van. Well, his opening statement shows him. Yeah, not admitting that Jones is in the van. So I don't think you can say that from the beginning, this was a strategy, but he has to then come up with something once this devastating evidence come came in. Well, again, you told me what you wouldn't do is defense counsel trial. What strategy would you have employed to try to establish your client's innocence? My strategy would have been to attack the cell phone evidence and then go on and attack. Let's assume the cell phone evidence was not admitted. Now what? Now what are you going to do to try to So now you can attack these the occupants in the van with all of this inconsistent testimony, their motives to lie. So, you know, you have Jonesy Blackman. He's he's like he gets immunity. He has motive to lie. He's saving himself. They're all saving themselves by their counsel. Did the counsel argue all of that? He did. And it would have been a lot stronger if he didn't have detectives they check in the cell phone evidence to back up these unreliable witnesses. So just getting back quickly, a couple more points on affirmative acquiescence. So it's a form of waiver. All waiver principles are construed liberally for the defendant and waivers must be knowing and intelligent. So there was not the intentional relinquishment or the kind of affirmative participation by the party that's required or showed by you know, I mentioned the cases of Bill O'Reilly felons folks. This court should also should decline to apply the doctrine of affirmative acquiescence and should find first prong plain error because the evidence was closely balanced. The witnesses in the van all had motives to lie. They were impeached. They were on drugs, which affects perception and memory and they were felons. And then the state used this cell phone evidence to bolster the testimony of these unreliable witnesses and use the authority figure in Detective Sage Tech to then also confirm the testimony of these occurrence witnesses. Moving on to ineffective assistance of counsel, which we we did discuss briefly, but it was just touching on a couple more points. It was objectionably unreasonable not to challenge the cell phone evidence and Sage Tech's testimony. As I mentioned, it was it was not strategy to allow this devastating evidence in it and to attack Sage Tech's credentials and try to neutralize his testimony, which then, you know, bolstered the state's case. The admission of the cell phone records prejudice Jones, I won't belabor the point again, but these occurrence witnesses had a lot of problems. And then the state used Sage Tech's testimony to help fix these problems. For all of these reasons, we ask that you reverse and remand for a new trial. I wasn't the officer's testimony sufficient to establish his expertise regarding what he testified to about cell data and all that. So the officer only testified that he received advanced training in cell phone analysis. And that was it. So if you compare it, let's say to people, people read Thomas, you know, they're the detective, you know, he was certified, he was certified, testified, he was certified through Penlink. He was a certified Celebrate physical analyzer. The officer explained in detail how cell towers work and how numbers are traced and all the rest of it. He did, but as far as- Why wasn't that enough to establish his expertise regarding all of this? I don't believe it is because he only said, you know, one line, one limited line about that. Did the trial court find it adequate? We don't know. What was that? We don't know whether the trial court found this sufficient foundation, because the court was never asked. Correct, which was ineffective not to not to have the trial- That's assuming that had the state asked the trial court judge, we want this witness to testify as an expert, that the court would have said, no, your foundation isn't sufficient at this point. Isn't that your assumption? For, yes, for to be successful on appeal. Yes, that's the assumption. Had the court said, no, that's that's enough. I'm going to grant the motion. What then becomes of your argument? Well, then we have a preserved argument. That would be helpful, certainly for Mr. It would be a question of, for us, that the trial court erred by so ruling at the trial level? Correct. All right. Thank you, Ms. McLennan. You'll have time in rebuttal. Mr. Goldman, you may proceed. Thank you, Your Honor. May it please the court, counsel. I want to begin by starting where Justice Steigman left off with this question about whether or not the court addressed the expertise of Detective Zajacek. While they didn't directly address his expertise in the sense of the person, you know, moving to have the person certified as an expert in a particular subject, at one point, on page 11283 of the record, Defense Council does actually object to speculation to the state's question. The state was asking the detective, quote, now, if these two individuals were together, is this what you would expect to see two phones making use of the same tower? End quote. At that point, Defense Council objects and the court explicitly says, no, I think he's given enough expertise and enough background to be able to answer that question. It will go to wait, not admissibility. Your objection is overruled. And then they continue. I would submit that that is a clear indication of the judge's opinion as to the adequacy of the foundation. The judge heard the expertise that Justice Steigman touched on. The judge heard about the officer's experience, about the officer's training, and determined that the officer is competent to make these kinds of opinions. So based upon that, setting aside all of the other issues, I would argue that the court did not err by allowing this kind of testimony, that counsel did not err by choosing not to object to it. Because the court found it adequate and the court would have found it adequate had a specific objection to an expert opinion been raised. Now, I do want to back up as well and discuss counsel's points regarding the phone records and Detective Zajicak's testimony generally. I believe that the most simple reason that this court can affirm the trial court is on the issue of prejudice. As your honors have noted, at closing argument, counsel admits that the defendant was in the vehicle and that the defendant was in the vehicle the entire time. As soon as those words left defense counsel's mouth, any possible prejudice related to these pieces of evidence was erased. There's no way that the jury would have found anything different. And even if these things had not come in, if that is counsel's strategy, it would not have changed the outcome of the case whatsoever. Counsel is entitled to form a strategy, even if it's not the strategy that every attorney would have pursued at this trial. And counsel had to make a choice. Do I want to argue that he wasn't there at all? Do I want to argue that he was there but did not participate, which ended up being the strategy that they pursued? Or do I want to argue a hybrid strategy, as Ms. McClellan tends to indicate she might have, where you first argue that the person wasn't there, but then say, well, in the alternative, even if they weren't there, these people were there, these people are not credible, the evidence is not sufficient, there's all of these contradictions, and try to argue from there. I would submit to this court that the choice of the strategy to admit his presence is completely reasonable under these circumstances. The witnesses were all going to testify that defendant was in the vehicle. The evidence related to his location was quite strong. The use of the vehicle that belonged to defendant's girlfriend after the fact tends to tie the defendant significantly to this case. It would have been a fool's errand to try to argue that the defendant was never there. Counsel made a reasonable choice under those circumstances to pursue the strategy that counsel did. Furthermore, your honors, regarding the argument surrounding affirmative acquiescence, I would argue that this is a textbook case of affirmative acquiescence. We have an affirmative action by defense counsel by stating no objection, and clearly that's acquiescence. As Justice Steigman pointed out, what more should counsel be required to do? Under these circumstances, it's clearly different than a typical forfeiture situation where an attorney might let an objection go by, or a possible objection go by, without having raised it. Maybe counsel didn't notice there was an objection. Those are clear forfeiture circumstances. But when counsel is addressed by the court and plainly states that it has no objection, the court is entitled to rely upon counsel's representations, that it doesn't have any problem with this evidence coming in. Mr. Goldman, let me interrupt you for a moment. In regards to the affirmative acquiescence issue here, and I forgot to ask Ms. McLennan about this when she got to the other crimes evidence portion of her argument, but when we're to consider whether or not there has been affirmative acquiescence, do we look only at counsel's or a party's statements? At the time the court inquires, that being at the time of trial, or can our inquiry be broader and encompass things that have occurred pre-trial? And specifically here, I'm asking about the other crimes evidence that was subject to a defendant's motion in Lemonade, and then the subsequent motion to reconsider that was filed by the state. After hearing of the motion to reconsider, defense counsel said that defense would not be objecting to the motion. And specifically as to this issue, can we consider counsel's position at that time, even though it occurred long before trial? Yes, Your Honor. Specifically in the context of a motion in Lemonade, I think that if an attorney acquiesces at that point, that's essentially a pre-trial ruling on an objection. If one acquiesces at that point, it's the same as if one acquiesced at trial. And in relation to that other crimes evidence, that motion is very significant because while the state was only seeking to review the ruling related to the Chulo attempted robbery, counsel for the state laid out all of the robberies that were involved in this case, laid out several different locations and put the defense counsel on trial. On notice as to what kind of evidence would be admitted, who would be testifying to it. And if a reason existed to object to that evidence, it would have been for the exact same reason as for the Chulo attempted robbery. So counsel's aware of all of these things, all of this evidence related to these other crimes, is aware of a possible reason to object, which is the reason set forth in the motion in Lemonade, chooses to reverse course specifically in relation to the Chulo attempted robbery, and then at trial also does not object. Based upon that record, Your Honor, while for the Chulo robbery, I would specifically argue that there's affirmative acquiescence, even for the other crimes evidence, I would argue that it is still clear waiver, waiver being the intentional relinquishment of a known right. Even if there's no affirmative action taken by counsel at trial to agree with that evidence coming in, it still is an intentional act to not object to those things because counsel has made it very clear they're aware of the possible basis for an objection, is aware of the law governing this issue, is aware that the state is intending to pursue this evidence, and at no point raises an objection that that is only explainable by a conscious choice. Under those circumstances, Your Honor, I would argue that those other matters are subject to waiver. And Your Honor, like I was saying, this issue is most easily resolved via the prejudice analysis. Counsel is entitled to choose among the strategies that they are going to pursue. Under these circumstances, counsel did make a reasonable choice. I do recognize, however, that prejudice does not resolve the claim of second-pronged plain error. And this is a claim that counsel has made in relation to each of their arguments. I would argue that every second-pronged plain error claim in this case clearly fails. Second-pronged plain error, as Your Honors know, is structural error. The issues raised in defendant's brief are really ordinary evidentiary issues. They are not things that affect the structure of the trial itself. This is not something akin to failing to swear in the jury or giving a defective reasonable doubt instruction. This is something that's readily up for analysis under harmless error analysis. And courts in Illinois have stated that when something is subject to harmless error analysis, it's not really a subject for second-pronged plain error. So based upon the lack of prejudice and the fact that second-pronged plain error doesn't apply, I would argue that this court can readily affirm in relation to the phone records and Zajacek's testimony. I'm going to touch on a little bit more regarding the other crimes evidence, even though I know counsel did not focus on that. I would argue that the other crimes evidence, the reason why this court can affirm on that basis is there was no error in the decision that the trial court made. The trial court determined that the relevant purpose for this evidence was to show the defendant's intent and knowledge. Intent and knowledge was clearly a live issue at this trial. It was subject to argument during closing arguments. And the state, no matter what strategy defense counsel chose, does have to prove both intent and knowledge beyond a reasonable doubt. The court identified that proper purpose, gave the proper limiting instruction. The evidence was argued appropriately. So the evidence of these other attempted robberies and burglaries helped show that, for example, when the defendant handed the gun to his friend, that wasn't for safekeeping. That wasn't for a general self-defense. That was for a particular criminal purpose. Because of those reasons, this court can also affirm in relation to that claim. Your Honors, based upon those claims, I would argue that this court can readily affirm the trial court. The strategy that counsel chose to use at trial is not something that counsel challenged on appeal. Counsel did not argue that counsel used a deficient strategy that was objectively unreasonable. Counsel focused on the choice not to object to those particular pieces of evidence. In light of the strategy that was chosen, counsel made a clearly correct decision. And in relation to the second claim, there was no error. For these reasons, Your Honor, we would ask this court to affirm the trial court. And for the remainder of the arguments, I would stand on my brief unless there are any other questions from this court. All right. I don't see any other questions. Thank you, Mr. Goldman. Ms. McLennan, rebuttal arguments? You're muted, Ms. McLennan. Apologies. I just have two brief points. So even if the strategy here was for defense counsel to admit that Jones was in the van, it's still bad strategy to allow all of this cell phone evidence in to corroborate the state's case. Not just that they were in the van, but their entire path that night, their attempts to cover up the offense, the setting up the offense. So even if that was his strategy to admit he was in the van, the cell phone evidence was still devastating. And then just to address, I think, what was maybe a question that was going to be asked to me about the other crimes evidence. So pretrial, I think when you're looking at affirmative acquiescence, you can consider what happens pretrial. But I think even as the state has touched on here. So the pretrial motion in Lemonet, when it was asking to what to admit in the relief section, it asked to admit the Chulo robbery. And the other some of the other offenses were mentioned in that motion. It was the motion to reconsider and some were mentioned, but actually the only thing at issue there was the Chulo robbery, which was the the robbery that happened after the offense. So I don't think you can apply affirmative acquiescence to the other crimes that were not the subject of that motion in Lemonet. What about waiver, as Mr. Goldman indicated, for the others? Well, waiver, you know, is affirmative acquiescence is a form of waiver and waiver would require this, you know, affirmative action or affirmative decision by defense counsel. And here just deciding not to object, we would argue was not waiver. Let me go back. It seems to me that when defense counsel is confronted with various evidence that is potentially damaging or prejudicial. The question is, should an objection been made? It's really a binary analysis. On the one hand, counsel can affirmatively acquiesce based upon counsel's understanding what's at stake and counsel deciding it's not going to object or alternatively, it would be what you're, I think, suggesting, namely that counsel inadvertently or unintentionally failed to object to the evidence involved, in which case, then affirmative acquiescence wouldn't apply. What in the record here shows that it's the second that counsel, defense counsel was involved in, that counsel either unintentionally or inadvertently failed to object to this evidence? Well, I think first, it's the fact that he first defense counsel, I don't know if I would say inadvertently, but defense counsel first files a motion to eliminate it, keep out the evidence. And so I think you can then turn to ineffective assistance of counsel and say it was bad strategy not to object. Does that answer your question? Well, I suppose. Okay, we may continue. Okay. Well, actually, you know, that was my last point unless anyone has any other questions. All right. I don't see any other questions, Ms. McLennan. Thank you. Thank you both for your arguments. The case will be taken under advisement. The court now stands in recess.